**\*E-Filed 3/3/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOSPITAL BONANOVA, et al., | No. C 10-3948 RS |
| Plaintiffs, | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| v. | |
| KAISER FOUNDATION HOSPITALS, et al., | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiffs Hospital Bonanova, Dr. Elias Perales, Bonanova Ambulence and Dr. Juan Ramon Leal (collectively, "Bonanova" or "plaintiffs") bring this action against defendants Kaiser Foundation Hospitals, Kasier Foundation Health Plan and Southern California Permanente Medical Group (collectively, "Kaiser" or "defendants").  The matter centers on a billing dispute related to medical services rendered to Ellen Joyce, who suffered a heart attack while traveling in Mexico in June of 2009.[1]  Plaintiffs rely on 28 U.S.C. section 1331, or "federal question" jurisdiction, as their jurisdictional basis.[2]  What they actually allege is breach of an oral contract.  In the alternative,

---

[1] Joyce passed away while hospitalized and her estate is not a party to this action.
[2] Although the parties are diverse, the amount in controversy plainly falls below the threshold level required for diversity jurisdiction

plaintiffs seek to recover expenses via a theory of quantum meruit. Kaiser has moved to dismiss, citing Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. Kaiser argues: (1) Bonanova's claims are barred by res judicata; (2) the complaint fails to plead sufficiently an oral contract; (3) plaintiffs failed to exhaust their administrative remedies under the Medicare Act, which defendants maintain is controlling here; and (4) Bonanova failed to name an indispensible party, the Secretary of the United States Department of Health and Human Services. In its reply brief, Kaiser also calls into question whether this Court has subject matter jurisdiction. This matter was submitted without oral argument pursuant to Civil Local Rule 7-1(b). As explained below, plaintiffs have not demonstrated that their claims "arise under" federal law, and the case must therefore be dismissed.

## II. BACKGROUND

The complaint alleges that Joyce, who had purchased a Medicare insurance policy from Kaiser, was admitted to Hospital Bonanova in Rosarita, Baja California on June 8, 2009. According to plaintiffs, at the time Joyce was admitted to the hospital, a third-party administrator contacted Kaiser to obtain authorization to transport Joyce to the nearest Kaiser facility in San Diego. Based upon Dr. Perales' diagnosis of Joyce's condition, however, Kaiser instructed that she should not be moved. Plaintiffs aver that Kaiser authorized treatment of Joyce and then, after advising that she was covered by a Kaiser insurance policy, agreed to pay for her medical services. Joyce was then treated at Hospital Bonanova until June 20, 2009, when she died.

Bonanova avers that it provided Joyce's treatment in reliance on Kaiser's authorization, and allege damages totaling $43,114.00. When Bonanova submitted its bill for Joyce's treatment, Kaiser refused payment. Kaiser explained that Joyce's hospital bills must be processed through the federal Medicare system. Plaintiffs acknowledge that they have never attempted to do so. Prior to this litigation, Bonanova, through a third-party assignee, apparently sued Kaiser for the $43,114.00 in damages in San Diego County Superior Court. The Superior Court dismissed the state court

1  action with prejudice in August 2010, finding that the plaintiff had failed to exhaust the

2  administrative remedies required whenever an entity seeks payment under Medicare's auspices.

3  III.  LEGAL STANDARD & DISCUSSION

4  Before this Court may address the flurry of legal arguments defendants advance here, it must

5  first establish that it has jurisdiction to hear the case at all.  Federal courts are courts of limited

6  jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the

7  contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th

8  Cir. 1989) (citation omitted).  Lack of subject matter jurisdiction may be raised by any party at any

9  time, and it is never waived: "[i]f the court determines at any time that it lacks subject matter

10  jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Because a federal court is

11  tasked with guarding "jealously" its own jurisdiction, it may flag the issue sua sponte.  *See*

12  *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884).

13  "[T]he presence or absence of federal question jurisdiction is governed by the 'well-pleaded

14  complaint rule,' which provides that federal jurisdiction exists only when a federal question is

15  presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of*

16  *Louisiana*, 522 U.S. 470, 475 (1998) (*quoting Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

17  (1987)).  This is possible in one of two scenarios.  First, and most commonly, federal question

18  jurisdiction exists if a federal right or immunity is "'an element, and an essential one, of the

19  plaintiff's cause of action.'"  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463

20  U.S. 1, 11 (1983) (*quoting Gully v. First National Bank*, 299 U.S. 109, 112 (1936)).  "[A] defense is

21  not part of a plaintiff's properly pleaded statement of his or her claim."  *Rivet*, 522 U.S. at 471

22  (*citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).  *Cf. Franchise Tax Bd.*, 463

23  U.S. at 14 ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even

24  if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the

25  defense is the only question truly at issue in the case.").  Second, a federal question may arise where

26  a state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which

27  a federal forum may entertain without disturbing any congressionally-approved balance of federal

28

NO. C 10-3948 RS
ORDER

3

1   and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545
2   U.S. 308, 314 (2005).  The federal issue must be "a substantial one, indicating a serious federal
3   interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313.

4       While defendant did not question this Court's subject matter jurisdiction in its motion to
5   dismiss, it flagged the issue in its reply brief.  This means plaintiff has not had an opportunity to
6   weigh in on defendant's argument.  Plaintiff's two claims for relief—breach of an oral contract, and
7   recovery on the basis of quantum meruit—are creatures of state law.  As their jurisdictional basis,
8   plaintiffs invoke a federal regulation, 42 C.F.R. section 422.220.[3]  They argue that regulation
9   establishes that the Social Security Act (which provides for the Medicare program) neither applies to
10  them nor governs their request for repayment.

11      As is clear from defendant's motion to dismiss, its primary defense to both contractual
12  claims is that it was not *Kaiser* who carried any obligation to repay plaintiffs.  Because the patient
13  was a Medicare enrollee, Kaiser insists plaintiffs must instead pursue payment through Medicare's
14  comprehensive administrative structure.  Plaintiff's reliance on federal law, then, certainly *looks* like
15  an anticipatory counter to defendants' favored defensive theory.  As articulated above, it is well-
16  established that this is not enough to raise a federal question.  No party has addressed whether
17  plaintiffs' state law claims "necessarily raise a stated federal issue, actually disputed and
18  substantial," as articulated in *Grable*.  To find that they do would require a much more fulsome
19  analysis from the parties, and the Court simply does not have it.  As plaintiffs rely for jurisdiction on
20  the presence of a federal question, the case must be dismissed for lack of subject matter jurisdiction,
21  as no such question arises on this record.  Within twenty days of this Order's issuance, plaintiffs
22  may seek to file a motion for reconsideration, addressing the jurisdictional issue.  Should they do so,

---

[3] In full, that section provides: "An MA organization may not pay, directly or indirectly, on any basis, for services (other than emergency or urgently needed services as defined in § 422.2) furnished to a Medicare enrollee by a physician (as defined in section 1861(r)(1) of the Act) or other practitioner (as defined in section 1842(b)(18)(C) of the Act) who has filed with the Medicare carrier an affidavit promising to furnish Medicare-covered services to Medicare beneficiaries only through private contracts under section 1802(b) of the Act with the beneficiaries. An MA organization must pay for emergency or urgently needed services furnished by a physician or practitioner who has not signed a private contract with the beneficiary."

they must include argument and analysis illuminating how their claims "arise under" federal law. In the event plaintiffs elect not to make such a motion, the action will be dismissed.

IT SO ORDERED.

Dated: 3/3/11

_____
Richard Seeborg
UNITED STATES DISTRICT JUDGE