**\*E-Filed 5/16/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOSPITAL BONANOVA, et al., | No. C 10-3948 RS |
| Plaintiffs, <br> v. | **ORDER DISMISSING CASE FOR LACK OF JURISDICTION** |
| KAISER FOUNDATION HOSPITALS, et al., | |
| Defendants. _____/ | |

## I.  INTRODUCTION

On March 3, 2011, this Court dismissed the matter for want of federal question jurisdiction. As explained in more detail in that Order, plaintiffs brought two breach of contract claims against Kaiser Foundation Hospitals, Kasier Foundation Health Plan and Southern California Permanente Medical Group (collectively, "Kaiser" or "defendants"). Seemingly in anticipation of a defense that plaintiffs must seek an administrative remedy rather than pursue their contract claims directly, plaintiffs presented an elaborate explanation of why certain federal statutes (those that would impose the administrative exhaustion requirement) do not apply to plaintiffs. The non-applicability, as it were, of the Social Security Act was presented as plaintiff's "federal question." In its Order dismissing the matter, this Court expressed concern as to whether the approach was sufficient to

establish federal jurisdiction. The Order then cited the long-established rule that "a defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet*, 522 U.S. at 471 (*citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). *Cf. Franchise Tax Bd.*, 463 U.S. at 14 ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."). As it is difficult to understand plaintiffs' reliance on federal law as anything *but* a defense, the Order proceeded to dismiss plaintiffs' claims.

Because the Order raised the jurisdictional question sua sponte, it also allowed plaintiffs an opportunity to request reconsideration. Specifically, the Order invited plaintiffs to present a concise argument that their Complaint "necessarily" raises a "disputed and substantial" federal issue embedded in the contract claims. As reiterated by the Supreme Court in *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), a federal question may also arise where a state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Id.* at 314. The federal issue must be "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313. As the Ninth Circuit recently emphasized, however, "*Grable* did not implicitly overturn the well-pleaded complaint rule" "in favor of a new 'implicate[s] significant federal issues' test . . . ." *California Shock Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011). "*Grable* stands for the proposition that a state-law claim will present a justiciable federal question only if it satisfies *both* the well-pleaded complaint rule *and* passes the 'implicate[s] significant federal issues' test." *Id.* (emphases in original).

Plaintiffs timely filed such a request for reconsideration, and perhaps unsurprisingly argued *Grable* absolutely controls. They insisted a court would inevitably have to decide whether or not the Mexican hospital must seek a recovery pursuant to Medicare's administrative ambit. Plaintiffs assume, of course, defendants would move to dismiss on the grounds that it is not Kaiser who is

No. C 10-3948 RS
Order

2

1  bound by contract to repay plaintiffs, but the Medicare program.  What is troubling, and distinct
2  from *Grable* or any other case on which plaintiffs rely, is that plaintiffs are not arguing that federal
3  law *establishes* their right to recover.  In *Grable*, the plaintiff filed a state common law quiet title
4  action alleging superior title to a piece of land previously seized by the Internal Revenue Service.
5  545 U.S. at 311.  In his complaint, the plaintiff alleged as the basis for his claim to superior title a
6  failure on the part of the IRS to comply with notice requirements established in 26 U.S.C. section
7  6335(a).  *Id.*  The Court ultimately found the defendant's removal proper because "the claim of title
8  depended on the interpretation of . . . federal tax law."  *Id.*

9  Here, plaintiffs' jurisdictional argument runs as follows: plaintiffs insist they have a right to
10 recover under state law because the *federal* law on which defendants rely to defeat the contract
11 claims arguably does not apply to plaintiffs.  In other words, plaintiffs' reliance on federal law is
12 inescapably framed as an anticipatory *defense*.  Plaintiffs have not demonstrated how a case like this
13 fits within *Grable*'s analytical framework, or introduced any authority analyzing a scenario similar
14 to the one here and supportive of their position.  On the other hand, there is binding authority for the
15 proposition that reliance on federal law as an anticipated defense is not sufficient to establish federal
16 question jurisdiction.  In *California Shock Trauma*, for example, the Ninth Circuit rejected an
17 argument similar to plaintiffs'.  There, the plaintiff brought state law claims in federal court for
18 recovery based on a theory, among others, of quantum meruit and unjust enrichment.  In its
19 complaint, the plaintiff asked the court to decide whether or not federal law preempted a certain
20 state provision on which defendants would likely rely to foreclose plaintiff's recovery.  The Court
21 found plaintiff's reliance on federal law "merely a potential response to a defense."  636 F.3d at 541.
22 The Court then recognized that it lacked federal jurisdiction.  These facts warrant the same
23 conclusion.  Even in light of plaintiffs' further briefing, then, the prior analysis finding a lack of
24 subject matter jurisdiction remains persuasive.  The proper remedy for dismissal of the matter in
25 state court was not to file the identical suit in federal court, but to seek appellate relief.  The matter
26 must be dismissed.

No. C 10-3948 RS
ORDER

IT SO ORDERED.

Dated: 5/16/11

_____
Richard Seeborg
UNITED STATES DISTRICT JUDGE